**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>ABC PHONES OF NORTH CAROLINA, INC., and ABC PHONES OF NC MANAGEMENT, INC.,<br><br>Defendants. | No:<br><br><br><br><br>CLASS ACTION COMPLAINT |

Andrew Anderson ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions such as sales consultants and sales associates (collectively, "Hourly Workers") who work or have worked for ABC Phones of North Carolina, Inc. and ABC Phones of NC Management, Inc. (collectively, "Victra" or "Defendants") in New York State.

2. Headquartered in Raleigh, North Carolina, Victra sells Verizon phone products and accessories at their stores throughout the United States.

1

3.  Victra operates approximately 14 stores throughout the United States and employs over 100 people in New York, a majority of whom are Hourly Workers.

4.  At all relevant times, Defendants have compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

5.  Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

6.  In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

7.  Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Andrew Anderson**

8.  Andrew Anderson ("Anderson") is an adult individual who is a resident of the State of New York.

9.  Anderson was employed by Victra as an Hourly Worker from on or about April 2021 through approximately September 1, 2021.

10. Anderson is a covered employee within the meaning of the NYLL.

**Defendants**

    **ABC Phones of North Carolina, Inc.**

11.    ABC Phones of North Carolina, Inc. is a foreign business corporation organized and existing under the laws of North Carolina.

12.    ABC Phones of North Carolina, Inc.'s principal executive office is located at 8510 Colonnade Center Drive, Unit 300, Raleigh, North Carolina 27615.

13.    ABC Phones of North Carolina, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14.    ABC Phones of North Carolina, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15.    ABC Phones of North Carolina, Inc. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

    **ABC Phones of NC Management, Inc.**

16.    ABC Phones of NC Management, Inc. is a foreign business corporation organized and existing under the laws of North Carolina.

17.    ABC Phones of NC Management, Inc.'s principal executive office is located at 8510 Colonnade Center Drive, Unit 300, Raleigh, North Carolina 27615.

18.    ABC Phones of NC Management, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19. ABC Phones of NC Management, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. ABC Phones of NC Management, Inc. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

21. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

22. The members of the proposed class are citizens of states different from that of Defendants.

23. There are over 100 members in the proposed class.

24. Defendants are subject to personal jurisdiction in New York.

25. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

26. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for ABC Phones of North Carolina, Inc. and/or ABC Phones of NC Management, Inc. between September 30, 2015 and the date of final judgment in this matter (the "New York Class").

4

27. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

28. There are more than fifty members of the New York Class.

29. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

30. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

31. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

32. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

34. Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

>   (a) whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

35. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Andrew Anderson**

36. Anderson was employed at various Victra store located at 237 Bleeker Street, New York, New York 10014 as an hourly employee from on or about April 2021 to on or about September 1, 2021.

37. During Anderson's employment, over twenty-five percent of Anderson's duties were physical tasks, including but not limited to: (1) moving and lifting freight shipment; (2) stocking shelves; (3) cleaning bathrooms; (4) vacuuming; (5) wiping down and sanitizing counters and; (6) standing for long periods of time. Moreover, Defendants' own advertisements for Anderson's position lists "physical requirements" of lifting up to ten pounds and the ability to stand for long periods of time. *See* **Exhibit A**, Defendants' Job Advertisement.

38. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Anderson has been compensated by Defendants on a bi-weekly basis.

39. For example, for the week beginning on June 1, 2021 and ending June 15, 2021, Anderson was paid his lawfully earned wages on June 22, 2021. *See* **Exhibit B**, Anderson Paystub.

40. In this regard, Defendants failed to pay Anderson his wages earned from June 1, 2021 through June 7, 2021 by June 14, 2021, as required by NYLL § 191(1)(a).

41. As a result of Defendants' untimely wage payments, Anderson was underpaid for the period of June 1, 2021 through June 7, 2021, and for every corresponding period where Defendants paid Anderson on an untimely basis.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

44. Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

45. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C.  Liquidated damages permitted by law pursuant to the NYLL.

D.  Prejudgment and post-judgment interest;

E.  Reasonable attorneys' fees and costs of the action; and

F.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 30, 2021

Respectfully submitted,

*/s/ Brian S. Schaffer*

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*